Richard L Mahfouz, II; Bar #51574
Clerkin, Sinclair & Mahfouz, LLP
3333 Camino Del Rio South, Ste. 120
San Diego, CA 92108
Phone: (619) 308-6550
wa.eservice@clerkinlaw.com
Attorney for USAA General Indemnity Company

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| USAA GENERAL INDEMNITY COMPANY<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA<br>Defendant. | No. ____________________<br><br>TORT: MOTOR VEHICLE – PROPERTY DAMAGE |

1. This is a civil action against the United States of America ("Defendant") brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 USC §2671 et seq. Jurisdiction is proper pursuant to 28 U.S.C. §1346.

2. Venue of this action is based on 28 U.S.C. §1402. All or part of the acts or omissions giving rise to Plaintiff's claims, the collision discussed below, occurred in this judicial district.

3. USAA General Indemnity Company is, and was, a Texas insurer, authorized to transact business in the State of Washington.

4. Defendant engaged in providing governmental services in the State of Washington, by and through the Department of Agriculture, who employed Cindi Scriven ("Employee"), who was acting in the course and scope of their employment

with Defendant during the events giving rise to this action.

5. Defendant exists under and by virtue of its own laws and is subject to liability for the torts alleged herein pursuant to 28 U.S.C. §2674.

6. On 8/01/2023, about the area of 25875 Military Road, South Kent, King County, WA, a motor vehicle insured by Plaintiff under an automobile policy issued to Richard Dickens ("Insured"), was damaged in a collision with a vehicle operated by Employee.

7. Among other things, Employee failed to exercise reasonable care in the operation of the applicable motor vehicle, including but not limited to one or more of the following ways:

a. In causing their vehicle to collide with Insured's vehicle;

b. In failing to exercise due care towards motorists and vehicles traveling on the roadway; and,

c. In failing to avoid colliding with Insured's vehicle.

8. The persons responsible for the operation of Defendant's vehicle, if they were private persons, would be liable for damage resulting from the collision.

9. As a direct and proximate cause of Defendant's actions and omissions, by and through Employee, after the collision and after receiving proof of loss, Plaintiff under its policy, paid to, and/or on behalf of, Insured the sum of $8,701.42 and became subrogated to that amount.

10. On or about 05/09/2024, Plaintiff presented its claim in writing by submitting SF-95 to Defendant for damages covering the collision in the amount of

$8,701.42.

11. No less than six months have passed since Plaintiff's Claim was received by Defendant.

Wherefore, Plaintiff demands judgment against Defendant for the sum of $8,701.42, together with the costs and disbursements of this action.

DATED: 2 October 2026

Richard L Mahfouz, II
Attorney for Plaintiff